UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHAD D. CORDREY,

      Plaintiff,

v.                                    Case No. 5:15cv33/MW/CJK

CORIZON, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon defendant Render's motion to dismiss for failure to state a claim based on plaintiff's failure to exhaust administrative remedies (doc. 26), and plaintiff's motion to voluntarily dismiss his claim against Render (doc. 32). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon careful consideration, the court concludes that plaintiff's motion to dismiss should be construed as a notice of voluntary dismissal, that plaintiff's claim against defendant Render should be dismissed without prejudice pursuant to plaintiff's voluntary dismissal, and that defendant Render's motion to dismiss should be denied as moot.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a prisoner proceeding *pro se*, filed this suit under 42 U.S.C. § 1983

against Corizon, Dr. Johnson, Dr. Alvarez and Dr. Render, claiming they delayed and denied him proper medical treatment for his injured jaw in violation of the Eighth Amendment of the United States Constitution. (Doc. 1). Defendant Dr. Render was served on May 20, 2015. (Doc. 16). On July 20, 2015, Dr. Render filed a motion to dismiss for failure to state a claim, arguing that plaintiff failed to comply with the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a), concerning his claim against Render. (Doc. 26). Defendant Render seeks dismissal with prejudice on the ground that the Florida Administrative Code deadlines for the filing of any grievances related to the conduct forming the basis of plaintiff's claim against him have long since passed. (Doc. 26, p. 11). On or about August 10, 2015, plaintiff filed a "Motion to Dismiss Defendant Render and Response to Defendant's Motion to Dismiss" requesting "temporary" dismissal of his claim against Render, (*i.e.*, dismissal without prejudice), to enable him to attempt exhaustion of his claim. (Doc. 32, p. 1). Plaintiff served his motion on defendant Render by first class mail on August 10, 2015.

## DISCUSSION

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action voluntarily without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Voluntary dismissal in this circumstance is self-executing and ordinarily operates without the need of a court order. *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) ("Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court. Voluntary dismissal, moreover, normally may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the

district court to exercise its jurisdiction. (citations omitted)); *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) ("The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence." (*citing* J. Moore, Moore's Federal Practice ¶ 41.02[2] (1988); *Carter v. United States*, 547 F.2d 258, 259 n. 2 (5th Cir. 1977); *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976))).

Courts in this circuit and others have found that a defendant's filing of a motion to dismiss under Rule 12(b) does not affect a plaintiff's right to dismiss an action voluntarily, with the exception of a 12(b)(6) motion converted to a motion for summary judgment. *See Newmont Ghana Gold Ltd. v. Hiller Sys., Inc.*, Nos. 3:11cv62/MCR/CJK, 3:11cv140/MCR/CJK, 2011 WL 2648598, at *2 (N.D. Fla. July 6, 2011) (dismissing claim against defendant upon plaintiff's voluntary dismissal of that defendant, and denying as moot that defendant's motion to dismiss in favor of arbitration); *Soldrich v. Colvin*, No. 1:12-cv-4373-WSD, 2013 WL 5360758, at *1 (N.D. Ga. Sept. 25, 2013) (dismissing case upon construing plaintiff's letters to be notices of dismissal and denying Rule 12(b)(1) motion as moot); *West v. Am. Fresh Foods, L.P.*, No. 7:10-cv-91 (HL), 2011 WL 63563, at *1 (M.D. Ga. Jan. 4, 2011) (dismissing action pursuant to plaintiff's notice of voluntary dismissal under Rule 41(a)(1)(A) and denying as moot Rule 12(b)(6) motion). *Accord Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (affirming district court's dismissal of the action when the plaintiff filed a notice of dismissal after the defendant filed a Rule 12(b)(6) motion); *Kilpatrick v. Tex. & P.R. Co.*, 166 F.2d 788, 792 (2d Cir.1948) (holding that filing a motion to dismiss for lack of personal jurisdiction before the plaintiff filed notice of dismissal did not preclude the plaintiff from voluntarily dismissing the

case); *Brown v. T-Ink, LLC*, No. 07-CV-13111, 2007 WL 4098207, at *3 (E.D. Mich. Nov.16, 2007) ("It is well-established that a plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion to dismiss under Fed. R. Civ. P. 12(b), subject to the exception for Rule 12(b)(6) motions converted to motions for summary judgment.").

In this case, defendant Render has not filed an answer or a motion for summary judgment. The requirements of Rule 41(a)(1)(A)(i) have been satisfied, and plaintiff's motion to dismiss defendant Render should be construed as a notice of voluntary dismissal. The effect of the notice of voluntary dismissal is dismissal without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's claim(s) against defendant Render be DISMISSED WITHOUT PREJUDICE pursuant to plaintiff's motion to dismiss (doc. 32), construed as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

2. That defendant Render's motion to dismiss (doc. 26) be DENIED AS MOOT.

3. That this case be referred to the undersigned for further proceedings on plaintiff's claims against the remaining defendants.

At Pensacola, Florida this 8th day of September, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.